## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Angela Cephas<br>　　　　　　　　Debtor(s) | CHAPTER 13 |
| Wells Fargo Bank, National Association, successor by merger to Wells Fargo Bank, Minnesota, National Association, as Trustee for Reperforming Loan REMIC Trust Certificates Series 2002-2<br>　　　　　　　　Movant<br>　　vs. | NO. 22-10183 ELF |
| Angela Cephas<br>　　　　　　　　Debtor(s)<br>Marvin T. Bey<br>　　　　　　　　Co- Debtor | 11 U.S.C. Section 362 |
| Kenneth E. West<br>　　　　　　　　Trustee | |

**MOTION OF Wells Fargo Bank, National Association, successor by merger to Wells Fargo Bank, Minnesota, National Association, as Trustee for Reperforming Loan REMIC Trust Certificates Series 2002-2**
**FOR RELIEF FROM THE AUTOMATIC STAY**
**UNDER SECTION 362**

1.　Movant is Wells Fargo Bank, National Association, successor by merger to Wells Fargo Bank, Minnesota, National Association, as Trustee for Reperforming Loan REMIC Trust Certificates Series 2002-2.

2.　Debtor(s) is/are the owner(s) of the premises 1854 South Ringgold Street, Philadelphia, PA 19145, hereinafter referred to as the mortgaged premises.

3.　Movant is the holder of a mortgage, original principal amount of $30,000.00 on the mortgaged premises that was executed by Debtor and Co-Debtor as co-mortgagors on July 28, 1998. The mortgage has been assigned as follows:

Assigned to Wells Fargo Bank, National Association, successor by merger to Wells Fargo Bank, Minnesota, National Association, as Trustee for Reperforming Loan REMIC Trust Certificates Series 2002-2 on April 23, 2012, Recorded May 1, 2012, Document ID. 52478204.

4.　　Kenneth E. West, is the Trustee appointed by the Court.

5. The commencement and/or continuation of the mortgage foreclosure proceedings by reason of non-payment of monthly mortgage payments were stayed by the filing of a Chapter 13 Petition in Bankruptcy by the Debtor(s).

6. Co-Debtor, Marvin T. Bey, who has not filed for Bankruptcy in this case, is liable on the mortgage loan secured by the aforesaid mortgage together with the Debtor.

6. Debtor(s) has/have failed to make the monthly post-petition mortgage payments in the amount of $404.29 for the months of September 2022 through January 20203 plus late charges if applicable.

7. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred legal fees and legal costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

8. The total amount necessary to reinstate the loan post-petition is $2,021.45.

9. Movant is entitled to relief from stay for cause.

10. This motion and the averments contained therein do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this motion, including fees and costs, due under the terms of the mortgage and applicable law.

WHEREFORE, Movant prays that an Order be entered modifying the Stay and permitting Movant to proceed with its mortgage foreclosure on the mortgaged premises, and to allow the Sheriff's Grantee to take any legal action to enforce its right to possession of the mortgage premises.  Further, Movant prays that an Order be entered awarding Movant the costs of this suit, reasonable attorney's fees in accordance with the mortgage document and current law together with interest.

/s/ Denis Carlon
Denise Carlon, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
Phone: (215) 627-1322 Fax: (215) 627-7734
Attorneys for Movant/Applicant

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 22-10183-ELF |
| ANGELA CEPHAS, | CHAPTER 13 |
| DEBTOR(S) | |
| MARVIN T BEY, | |
| CODEBTOR(S) | |

## RIGHT TO FORECLOSE STATEMENT

Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor, has been duly indorsed, or creditor, directly or through an agent, has possession of the promissory note and may enforce the promissory note as a transferee in possession. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust. If the original promissory note is lost or destroyed, then Creditor will seek to prove the promissory note using a lost note affidavit.